**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEREMIAH McELROY,** | ) | |
| **No. R09511,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01020-NJR |
| | ) | |
| **UNKNOWN PARTIES,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jeremiah McElroy, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an August 2013 assault upon Plaintiff by nine unidentified correctional officers at Big Muddy River Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, on August 15, 2013, nine unidentified correctional officers handcuffed Plaintiff and then assaulted him in a "brutal, malicious" manner, "intentionally . . . to inflict pain and injuries," in violation of Illinois law and Illinois Department of Corrections ("IDOC") policy. Plaintiff contends that the assault was in retaliation for Plaintiff restraining one of the defendant officers after that officer attempted to use "excessive force" against Plaintiff, who was, admittedly in "emotional distress" at the time of the incident. As a result, Plaintiff incurred bruises, abrasions, and cuts, as well as emotional distress. Plaintiff seeks compensatory damages against each defendant, restoration of good conduct credits, and transfer to a lower security prison.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1: John Doe # 1 used excessive force against Plaintiff in restraining him when he was in emotional distress, in violation of the Eighth Amendment;**

> **Count 2:** John Does # 1-9 assaulted Plaintiff in violation of the Eighth Amendment, Illinois law, and IDOC policy; and
>
> **Count 3:** John Does # 1-9 retaliated against Plaintiff in violation of the First Amendment.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). When prison officials are accused of using excessive force against an inmate, "[t]he claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Hudson v. McMillian*, 503 U.S.1, 6 (1992)).

*Counts 1 and 2*

In light of the liberal notice pleading standard, Plaintiff's *pro se* status, and the fact that a fellow inmate drafted the complaint for Plaintiff, Counts 1 and 2, although bordering on merely conclusory assertions, are construed as stating colorable Eighth Amendment claims.

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health,* 699 F.3d 962, 972 (7th Cir.2012) (quoting 42 U.S.C. § 1983). Therefore, the allegations in Count 2 that the defendants violated Illinois law and IDOC policy will be dismissed, albeit without prejudice.

*Count 3*

Count 3 is premised upon the assertion that Defendants retaliated against Plaintiff because Plaintiff had restrained John Doe #1. To establish a claim of retaliation in violation of the First Amendment, a plaintiff must allege: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the defendant's action was motivated by the protected activity. *Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012).

Count 3 fails to state a viable constitutional claim because restraining a guard is not activity protected under the First Amendment. More to the point, physical assault is not a means of expression protected under the First Amendment. *United States v. Soderna*, 82 F.3d 1370 (7th Cir. 1996). Count 3 will, therefore, be dismissed with prejudice.

*Remedies*

Insofar as Plaintiff seeks one year of good conduct credit, that remedy is unavailable under Section 1983 and precluded by the habeas corpus statutes. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (the deprivation of good time credits is not cognizable under Section 1983 unless the prison disciplinary decision has been invalidated). Similarly, a transfer to a lower security level facility—warranted based upon good conduct credits—is not an available remedy. Moreover, because the defendants are sued in their individual capacities, restoration of good conduct credits and transfer are remedies beyond their authority. Consequently, those aspects of the prayer for relief will be dismissed with prejudice.

*Unknown Parties*

Plaintiff does not know the names of any of the nine defendant officers, making service of process impossible. The Court, however, may assist Plaintiff "by allowing the case to proceed

to discovery against high-level administrators with the expectation that they will identify the officials personally responsible." *Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 556 (7th Cir.1996) ("Depending on the particular circumstances of the case, the court may assist the plaintiff . . . by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the official personally responsible").

In order to assist Plaintiff in identifying the proper defendants in this action, the Clerk shall be directed to add the warden of Big Muddy River Correctional Center, Zachary Roeckeman, as a defendant, for the sole purpose of identifying unknown defendants through expedited discovery. Plaintiff should serve the warden with an interrogatory or request for production under Federal Rules of Civil Procedure 33 and 34.

Once Plaintiff discovers the defendants' names, he must amend his complaint to include those defendants; then, all named defendants will be served with the summons and the amended complaint. Therefore, even if Plaintiff's initial efforts do not uncover the names of all nine defendants, Plaintiff should amend the complaint as soon as he is able to identify one or more of the defendants. For purposes of docket control, a deadline for amendment will be set. That deadline may be extended upon motion by Plaintiff, if good cause is shown.

*Motion for Counsel*

Because Plaintiff must conduct discovery and amend the complaint before this action can proceed, and in consideration of the fact that another inmate drafted the complaint (*see* Doc. 1, p. 6), Plaintiff's motion for counsel (Doc. 3) must be immediately considered.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to

recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff asserts that he has written to four attorneys in an effort to secure counsel, to no avail. But Plaintiff has not complied with the requirement that he attach supporting documentation, so his assertion carries little weight.

Plaintiff's motion indicates that he has "some high school" education, and another inmate drafted the complaint. Nevertheless, it does not necessarily follow that Plaintiff is incapable of learning the identities of the defendants, drafting an amended complaint, and prosecuting this case through trial. The constitutional issues and factual scenario are relatively straightforward and simplistic. Therefore, the motion for counsel (Doc. 3) will be denied at this time without prejudice to refiling it at a later time.

*Service of Process at Government Expense*

Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Consequently, service of process upon Warden Roeckeman will be accomplished at government expense. *See* 28 U.S.C. § 1915(d). Therefore, Plaintiff's motion (Doc. 4), although unnecessary, will be granted.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the Eighth Amendment claims in **COUNTS 1 and 2** shall **PROCEED**, but the allegations regarding the violation of Illinois law and IDOC policy are **DISMISSED without prejudice** from **COUNT 2.**

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the requested remedies of one year of good conduct credit and a transfer are **DISMISSED with prejudice** from the prayer for relief.

**IT IS FURTHER ORDERED** that the warden of Big Muddy River Correctional Center, **ZACHARY ROECKEMAN**, is hereby **ADDED as a defendant**, in his official capacity for the sole purpose of identifying unknown defendants through expedited discovery. Early, expedited discovery is hereby **AUTHORIZED** for the sole purpose of identifying the nine unnamed defendants.

**IT IS FURTHER ORDERED** that on or before **January 30, 2015**, Plaintiff shall file an amended complaint identifying one or more of the nine defendant officers. Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action without prejudice. Plaintiff should propound his discovery request(s) immediately after **ZACHARY ROECKEMAN** enters his appearance in this case in order to ensure that the deadline for amendment is met.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**.

The Clerk of Court shall prepare for Defendant **ZACHARY ROECKEMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to **ZACHARY ROECKEMAN at Big Muddy Correctional Center**. If **ROECKEMAN** fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service upon him, and the Court will require **ROECKEMAN** to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If **ROECKEMAN is no longer the warden at Big Muddy Correctional Center**, the institution shall furnish the Clerk of Court with the name of the current warden. Plaintiff shall serve upon **ROECKEMAN** (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on **ROECKEMAN** or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant **ROECKEMAN**, although sued only in his official capacity for purposes of discovery, is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g), thereby ensuring compliance

with Federal Rule of Civil Procedure 12, and confirming that **ROECKEMAN's** status in this case is understood.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 21, 2014**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**